IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DONDRA A. PARKER                                                           PLAINTIFF

v.                                    CIVIL NO. 17-05195

NANCY A. BERRYHILL, Commissioner                  DEFENDANT
Social Security Administration

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Dondra A. Parker, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. <u>See</u> 42 U.S.C. §405(g).

**I.**      **Procedural Background:**

Plaintiff protectively filed her application for DIB on June 19, 2015, alleging an inability to work since March 30, 2013, due to arthritis in her hands and arms, back and shoulder pain, feet pain, high blood pressure, stroke, depression, and a hearing impairment. (Tr. 24, 166-172, 209). Plaintiff meets date last insured status through March 31, 2019. (Tr. 26). An administrative hearing was held on May 20, 2016, at which plaintiff appeared with counsel and testified. (Tr. 49-77).

By written decision dated August 2, 2016, the ALJ found that during the relevant time period, Plaintiff had the following impairments or combination of impairments that were severe: degenerative disc disease of the lumbar and cervical spines, hypertension, and

1

hearing loss. (Tr. 26). The ALJ also found the following non-severe impairments: hyperlipidemia and migraine. (Tr. 26). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 28). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.157(b) except she could do occasional overhead reaching, bilaterally; and she could occasionally climb balance, crawl, kneel, stoop, and crouch. The individual is limited in that she cannot do work requiring excellent hearing, but can hear and understand simple instructions and communicate simple information. She could tolerate levels of noise such as in an office setting.

(Tr. 28). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff was unable to perform her past relevant work, but would be capable of performing work as a shoe packer, toy assembler, or advertising material distributor. (Tr. 32).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 9). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 16).

## II. Applicable Law

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the

2

record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001; see also 42 U.S.C. §423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (2) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See

20 C.F.R. §404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC. See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20C.F.R. SS404.1520, abrogated on other grounds by Higgens v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R §404.1520.

## III. Discussion

Plaintiff raises the following issues in this matter: 1) Whether the ALJ erred in his RFC determination; and 2) Whether the ALJ erred in his evaluation of her subjective complaints.

### A. Subjective complaints:

Plaintiff argues that the ALJ's credibility determination is not supported by substantial evidence. (Doc. 14, p. 8).

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929. See Shultz v. Astrue, 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. See Polaski, 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. See id. The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. See Lowe v. Apfel, 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's

credibility determination is entitled to deference. See id.; Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006). As the Eight Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2013).

The ALJ considered numerous factors in making his credibility determination. In assessing her activities of daily living, the ALJ considered the Plaintiff's own reports wherein she reported that she was able to care for her grandchildren during summer breaks, including supervising them and preparing their meals. (Tr. 27, 225). She reported an ability to help her husband care for their chickens and rooster, such as feeding them and letting them out. (Tr. 27, 58, 225). She reported she was able to prepare meals and do household chores "a little at a time" such as laundry, sweeping, mopping, cleaning counters, and washing dishes. (Tr. 27, 62, 226). Plaintiff did report that she did not like to drive long distances or to drive at night, however, she was able to drive when necessary and drove to her mother's home a few weeks prior to the hearing. (Tr. 27, 68-69, 227). Plaintiff reported her husband did most of the grocery shopping, but she shopped occasionally at the pharmacy and grocery store. (Tr. 27, 68, 227). The ALJ also considered the fact that Plaintiff was able to work intermittently as a substitute teacher in 2013, 2014, and 2015, after her alleged disability onset. (Tr. 26, 182-83,188-89, 193, 203, 209-10).

The ALJ also considered Plaintiff's reports of pain, and the effectiveness of the treatment she received. Plaintiff reported at least some pain relief from lumbar injections, reducing her pain level from a nine to a six out of ten. (Tr. 29, 66). Her pain management physician Dr. Holt noted that heat, ice, rest, lying down, TENS unit, medication, and injections provided some pain relief, but not control. (Tr. 30, 409). In May 2016, Plaintiff

reported "good relief" (50-80%) from nerve block and facet testing. (Tr. 30, 422). The ALJ noted that Dr. Holt recommended medications, injections, exercise, and a back brace, but not surgery. (Tr. 30, 411).

Upon review of the above, the Court finds that the ALJ's credibility determination was supported by substantial evidence.

### B. RFC Determination

Plaintiff argues that the ALJ erred in making his RFC determination, specifically in granting great weight to the opinion of Dr. James Wellon, a non-examining state medical consultant, issued on September 16, 2015. (Doc. 14, p. 3). Plaintiff argues the ALJ's reliance on Dr. Wellon's physical RFC assessment is erroneous as Dr. Wellon noted the assessment was based on a "lack of neurological deficit or intense longitudinal pain treatments," when the medical evidence of record (MER) contains nearly a year's worth of subsequent medical treatment. (Doc. 14, p. 3).

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis

v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, Civil No. 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013)).

Plaintiff is correct in her assertion that there was nearly a year of further treatment records after Dr. Wellon opined that Plaintiff was capable of light work with restriction to jobs that do not require excellent hearing and before the ALJ's opinion was issued. (Tr. 30, 86, 370-429). However, Dr. Harrison reviewed the record two months later, in November 2015, and provided the same RFC restrictions as Dr. Wellons, without any notation regarding reliance upon "lack of neurological deficit or intense longitudinal pain treatments." (Tr. 91-102). The ALJ additionally considered the musculoskeletal exam findings of Dr. Holt from February and May 2016, which were overall normal, as well as Dr. Holt's treatment plan which included a back brace and injections. (Tr. 30, 410, 422). The ALJ additionally considered the Plaintiff's own reports of pain, and the treatment record and added postural limitations beyond the RFC assessment of either Dr. Wellon or Dr. Harrison. (Tr. 28-30) The ALJ's RFC determination was based upon multiple medical opinions and took into consideration the treatment she received after those evaluations. The Court finds that the ALJ's RFC determination was supported by substantial evidence.

### C. Hypothetical to Vocational Expert

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set

forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a shoe packer, toy assembler, or advertising material distributor. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV. Conclusion**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 2nd day of October, 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE